UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **PLAINTIFF** |
| vs. | CIVIL NO. 3:22-cv-00258-MPM-RP |
| **ALL MONIES CREDITED TO**<br>**MEMBERS EXCHANGE CREDIT UNION**<br>**ACCOUNT # 3030123795** | **DEFENDANT** |

### VERIFIED COMPLAINT FOR FORFEITURE IN REM

Comes now the United States of America, Plaintiff in the above styled cause, by and through its undersigned United States Attorney for the Northern District of Mississippi, and brings this Verified Complaint for Forfeiture In Rem and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### Nature of the Action

1. This is an action to forfeit and condemn property to the United States pursuant to 18 U.S.C. §981 for violations of 18 U.S.C. § 1343 (wire fraud) and/or 18 U.S.C. § 1957 (money laundering).

### The Defendant in Rem

2. The defendant property is specifically identified as follows:

    **All monies credited to Members Exchange Credit Union Account Number 3030123795**

3. The defendant property has not been seized and is currently in the possession of Members Exchange Credit Union. The United States will request that a Warrant of Arrest in rem issue to allow the United States to seize and retain possession of the defendant property.

## Jurisdiction and Venue

4. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a). This Court also has jurisdiction over this particular action under 18 U.S.C. §981.

5. This Court has in rem jurisdiction over the defendant property under 28 U.S.C. 1355(b)(1)(A).

6. Venue is proper in this district because the defendant property is located within this district and/or because the acts or omissions giving rise to the forfeiture occurred in this district.

## Basis for Forfeiture

7. The defendant property is subject to forfeiture pursuant to pursuant to 18 U.S.C. §981 because it constitutes real property that represents or is traceable to the gross receipts obtained, directly or indirectly, from violations of 18 U.S.C. § 1343 (wire fraud). Additionally, the property constitutes real property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1957 (money laundering).

## Facts

8. The Employee Retention Credit ("ERC") is part of the CARES Act legislation and is a credit for wages paid by an employer whose business operations were fully or partially suspended pursuant to a government order related to COVID-19 or experienced a significant decline (i.e., 50 percent) in gross receipts during the period from March 13, 2020 through December 31, 2020. The credit is equal to 50 percent of the qualified wages paid by the employer with respect to each employee. The amount of qualified wages with respect to any employee for all calendar quarters in 2020 cannot exceed $10,000. In other words, there is a $5,000 total cap on the credit per employee for the 2020 tax year. An employer claiming an ERC must submit tax filing information

documenting that the employer meets the ERC eligibility requirements and the ERC amount is based on the amount of the wages reported by the employer.

9. TFloyd, LLC ("TFloyd") is a business registered in Mississippi with an initial filing/formation date of March 13, 2016. The registered agent of TFloyd is Tusha Floyd ("Floyd"). The business operates as an independent contract "call-center" that contracts to take customer phone calls for two entities, LiveOps and Arise.

10. On July 13, 2022, Floyd opened a new bank account for TFloyd at Members Exchange Credit Union ("MECU") located at 107 Marketridge Dr., Ridgeland, MS 39157.

11. On August 5, 2022, Floyd attempted to negotiate two United States Treasury Checks at MCEU. One check was in the amount of $165,756.00, dated August 2, 2022, and made payable to TFloyd, LLC, Tusha Floyd Sole Mbr, 24136 Highway 51, Crystal Springs, MS 39059. The second check was in the amount of $149,000.00, also dated August 2, 2022, and made payable to TFloyd, LLC, Tusha Floyd Sole Mbr, 24136 Highway 51, Crystal Springs, MS 39059. Floyd claimed that the checks were a government grant from "grants.gov."

12. While attempting to negotiate the two United States Treasury Checks, Floyd requested $50,000.00 cash and a $30,000.00 cashier's check payable to "Unity Brokerage". Unity Brokerage is an tax preparation entity that was owned and operated by Lakisha Pearson. Pearson is currently under indictment in the Northern District of Mississippi for her alleged participation in a large-scale Payroll Protection Program and Economic Injury Disaster Loan fraud scheme.

13. MECU placed a ten-day administrative hold on the checks due to the account being recently opened and the substantial amount of the checks.

14. On November 8, 2022, Floyd agreed to an interview with Special Agents of the Internal Revenue Service - Criminal Investigations. Floyd advised agents that she was self-employed and Tfloyd was her own business that she started in 2016.

15. When shown the original Forms 1040, U.S. Individual Income Tax Returns ("Forms 1040") for 2020 and 2021 in the name of Tusha Floyd, Floyd identified them as her tax returns. The 2020 and 2021 Forms 1040 reported no contract labor or wage expense on the Profit or Loss from Business ("Schedule C") on Floyd's Forms 1040.

16. Floyd advised agents that she received the two United States Treasury Checks totaling $314,756.00 as a grant from the federal government related to the COVID-19 Pandemic covering the period of late 2019 through 2020. Agents advised Floyd that the two United States Treasury Checks were Employee Retention Credit ("ERC") tax refunds.

17. When shown the Employer's Annual Federal Tax Return (Form 944) for 2020 and 2021 submitted to claim the ERC on behalf of Tfloyd, Floyd did not recognize them as tax returns that she self-prepared or had prepared on her behalf. Floyd confirmed to agents that she did not incur the wage expenses as reported on the 2020 and 2021 Forms 944.

18. According to Floyd, she utilized Unity Brokerage and Lakisha Pearson to assist her in applying for what Floyd referred to as government grants. Floyd advised that she saw an advertisement online for COVID-19 related government grants. Floyd responded to the advertisement and had contact with a female employed by Unity. Floyd was advised to provide her Employer Identification Number ("EIN") and the number of individuals employed by Floyd to the business location in North Mississippi, specifically the Holly Springs or Byhalia area.

19. Floyd advised agents that during the time period for which the ERC covers she employed three people in addition to contract laborers. However, Floyd, with the assistance of Unity Brokerage, reported to the Internal Revenue Service on a Form 944 that TFloyd paid out wages, tips, and compensation in the amount of $268,956.00 in 2020 and $317,588.00 in 2021 in order to claim and receive an ERC in the amount of $149,000.00 for 2020 and $165,759.00 for 2021.

20. The United States alleges that the ERC of $314,756.00 paid to TFloyd far exceeds the amount to which TFloyd would have been entitled, if entitled to receive the ERC at all. The United States alleges that Floyd, on behalf of TFloyd, was, knowingly or unknowingly, involved in a scheme to obtain money by means of false or fraudulent pretenses and representations and caused such false or fraudulent pretenses and representations to be transmitted by means of wire communication in interstate commerce to the Internal Revenue Service in an effort to obtain ERC funds to which TFloyd was not entitled.

21. It is alleged that Floyd, on behalf of Tfloyd, opened Members Exchange Credit Union Account 3030123795 for the purpose of using the account to deposit the proceeds obtained as result of the submission of the fraudulent tax returns. Additionally, the provisions of 18 U.S.C. § 984 are applicable to this proceeding making all monies deposited in the account, up to the amount of $314,756.00, subject to forfeiture to the United States.

22. Based on the foregoing, Plaintiff alleges that the Defendant property identified herein is subject to forfeiture pursuant to 18 U.S.C. § 981.

23. That pursuant to the provisions of 18 U.S.C. § 981(f), all right, title and interest in the defendant property vested in the United States of America upon commission of the act giving rise to forfeiture.

WHEREFORE, Premises considered, Plaintiff prays as follows:

(1) That a Warrant of Arrest in rem issue to allow the United States to seize and/or retain possession of the defendant property;

(2) That notice issue according to the normal procedure of this Court and in accordance with 18 U.S.C § 983(a)(4)(A);

(3) That judgment of forfeiture be decreed against the defendant property;

(4) That upon judgment of forfeiture, the United States be permitted to dispose of the defendant property in accordance with law;

(5) For costs and for such other further relief to which Plaintiff may be justly entitled

Respectfully submitted,

CLAY JOYNER
United States Attorney

By: /s/ SAMUEL D. WRIGHT
SAMUEL D. WRIGHT
Assistant United States Attorney
Mississippi Bar No. 101425
900 Jefferson Avenue
Oxford, Mississippi 38655-3608
Telephone: (662) 234-3351
Fax: (662) 234-3318
Samuel.Wright@usdoj.gov

## **VERIFICATION**

I, Thomas Mitchell, hereby verify and declare under penalty of perjury that I am a Special Agent with the Internal Revenue Service – Criminal Investigation (IRS-CI), and that I have read the foregoing *Verified Complaint For Forfeiture In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of the IRS-CI.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: November 16, 2022

*Thomas Mitchell*
THOMAS
MITCHELL
Special Agent
IRS-CI